UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARRIOTT INTERNATIONAL, INC., dba SAN DIEGO MARRIOTT HOTEL & MARINA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>M/Y UNDER THE RADAR, a 2001 37.8-Foot Sea Ray Sundancer Motor Yacht, U.S. Coast Guard Official No. 1120637, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, in rem,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 24-cv-01871-AJB-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING EX PARTE APPLICATION FOR ISSUANCE OF A WARRANT OF MARITIME ARREST OF THE VESSEL M/Y UNDER THE RADAR;**<br><br>**and**<br><br>**(2) GRANTING MOTION TO APPOINT SUBSTITUTE CUSTODIAN**<br><br>**(Doc. Nos. 3, 4)** |

On October 15, 2024, Plaintiff Marriott International, Inc., doing business as San Diego Marriott Hotel & Marina ("Plaintiff") filed a verified complaint for arrest, interlocutory sale, and money damages against Defendant vessel M/Y Under the Radar, a 2001 37.8-foot Sea Ray Sundancer Motor Yacht, U.S. Coast Guard Official No. 1120637, and all of her engines, tackle, accessories, equipment, furnishings, and appurtenances

1

("M/Y Under the Radar" or the "Defendant Vessel"). (Doc. No. 1.) Based on the complaint, Plaintiff contemporaneously filed an Ex Parte Application for Order Authorizing Issuance of a Warrant for Arrest of Defendant Vessel pursuant to Rules C(3) and E of the Supplemental Rules for Admiralty and Maritime Claims, and an Ex Parte Application for Order Appointing Substitute Custodian and Authorizing Movement of Defendant Vessel, (collectively, "Applications"). (Doc. Nos. 3, 4.) For good cause shown, the Court **GRANTS** Plaintiff's Ex Parte Application for Order Authorizing Issuance of Warrant for Arrest of the vessel M/Y Under the Radar and **GRANTS** Plaintiff's motion to appoint Plaintiff, the owner and operator of the marina known as the "Marriott Marina" as custodian of the vessel.

Plaintiff has agreed to assume the responsibility of safekeeping Defendant Vessel and has consented to act as its custodian until further order of this Court. (Doc. No. 4 ¶ 5.) Plaintiff has agreed to provide the following services in connection with the safekeeping of the Defendant Vessel:

 a. Assume custody of the Defendant Vessel from the United States Marshal at the place of its arrest (Marriott Marina) and maintain and provide wharfage services there, at the rate of $2.50 per foot of overall vessel length per day (*i.e.*, $2.50 x 37 feet = $92.50 per day), until further Order of the Court. The above rates shall not exceed those that are usual, customary and prevailing in the Port of San Diego. If it is determined that further action is necessary beyond those detailed herein, Plaintiff shall notify counsel for the arresting party, so he can seek an appropriate Order from the Court.

 b. As soon as possible after assuming custody of the Defendant Vessel, photograph and/or video the interior and exterior of Defendant Vessel.

 c. Provide ongoing custodial services, at the rate of 50 cents per foot of a vessel length per day (*i.e.*, $0.50 x 37 feet = $18.50 per day), to include maintenance of the insurance specified below, periodic inspection of mooring lines/fenders to assure safe and secure mooring, daily visual inspection of the exterior of the

       vessel for evidence of water intrusion, tampering or any other problems, and "walk by" inspections by San Diego Marriott Hotel & Marina staff members and security patrols.

   d. Periodically and as deemed prudent under the existing circumstances, but no less than weekly, at the rate of $50.00 per inspection, inspect the interior of the Defendant Vessel for watertight integrity, excessive bilge water and fuel lubricant leaks. If it is determined that further action is necessary beyond those detailed herein, the substitute custodian will notify its counsel, so counsel can seek an appropriate Order from the Court.

   e. Provide at rates not exceeding the locally prevailing rates additional services such as cleaning, minor maintenance, inspection of bottom by a diver for the purpose of cleaning and reporting findings regarding underwater hull, metal and zinc conditions, as such services are deemed reasonably prudent and necessary to preserve and protect the Defendant Vessel.

   f. Engines and other machinery will be operated only as directed in a Court Order.

   g. Provide other such services as may be required from time-to-time, by further Order of the Court.

(Doc. No. 4 ¶ 5.)

Plaintiff, by the Declaration of James Francis Quan, ("Quan Decl.," Doc. No. 4-1), states that Marriott Marina has adequate facilities and supervision at its 333 West Harbor Drive, San Diego, California facility for the proper safekeeping of the Defendant Vessel. (*Id.* ¶¶ 1, 3, 7.) James Francis Quan, the Manager at Marriott Marina, is personally familiar with the Defendant Vessel and has experience participating in and supervising the dewatering of flooded vessels as well as the containment of pollutants issued by vessels. (*Id.* ¶ 3.)

James Francis Quan also attests to the high level of personnel and technological security measures employed at the Marriott Marina. Marriott Marina staff and a security patrol routinely walk the docks. (*Id.* ¶ 4.) As additional security, Marriott Marina has

positioned security cameras at gangways and provided vessel owners with electronic key fobs to access the Marriott Marina. (*Id.*) To assure Defendant Vessel's safety and security, James Francis Quan attests that if Plaintiff is appointed as substitute custodian, he will instruct his staff and security patrol members to maintain a close watch on the Defendant Vessel. (*Id.*)

Marriott Marina also maintains insurance policies which protect it against occurrences of negligence during its custodianship. (*Id.* ¶ 7.) Those policies include: (1) commercial general liability insurance issued by AIG Specialty Insurance Company with a per occurrence limit of $9,500,000 and an aggregate limit of $12,500,000; and (2) an umbrella liability policy issued by National Union Fire Insurance Co. of Pittsburgh, Pennsylvania with a per occurrence limit of $10,000,000 and an aggregate limit of $40,000,000. (*Id.*)

In the Quan Declaration, Plaintiff accepts substitute custodianship of the Defendant Vessel, in accordance with the terms of this Order. (*Id.* ¶ 9.) Plaintiff further agrees to indemnify the United States and the U.S. Marshal from all actual or potential liability arising from or related to the substituted custodian's possession and safekeeping. (*Id.*)

## CONCLUSION

Having considered Plaintiff's Applications and supporting papers, the Court concludes that the conditions for an action in rem under Supplemental Rule C appear to exist, and **GRANTS** Plaintiff's Ex Parte Application. Additionally, the Court, for good cause shown, **GRANTS** Plaintiff's Ex Parte Application for Order Appointing Substitute Custodian and Authorizing Movement of Defendant Vessel. Accordingly, the Court orders the following:

1. The Court authorizes the immediate issuance of a warrant for the arrest of the vessel M/Y Under the Radar, and all of its engines, tackle, accessories, equipment, furnishings and appurtenances.

2. The Court orders the Clerk of the District Court to immediately prepare a Warrant for the Arrest of the vessel M/Y Under the Radar and deliver it to the United States

1 | Marshal for the Southern District of California for service.

2 |     3.    The Court orders that a copy of this Order be attached to and served with the
3 | said Warrant for Arrest in Action In Rem.

4 |     4.    Any person claiming an interest in the Defendant Vessel is entitled upon
5 | request to a prompt hearing, where Plaintiff will be required to show why the arrest should
6 | not be vacated or other relief granted consistent with the Supplemental Rules for Certain
7 | Admiralty and Maritime Claims.

8 |     5.    The Court orders that the United States Marshal for the Southern District is
9 | authorized and directed upon seizure of the Defendant Vessel, pursuant to Warrant for
10 | Arrest to be issued by the Clerk of this Court pursuant to this Order, to surrender the
11 | possession thereof to the substitute custodian named herein, and that upon such surrender
12 | the U.S. Marshal will be discharged from its duties and responsibilities for the safekeeping
13 | of the Defendant Vessel and it and the United States will be held harmless from and against
14 | any and all claims whatever arising out of the substituted possession and safekeeping.

15 |     6.    The Court orders that Plaintiff San Diego Marriott Hotel & Marina be
16 | appointed the custodian of the Defendant Vessel, to retain the Defendant Vessel in its
17 | custody for possession and safekeeping for the aforementioned compensation and in
18 | accordance with the Quan Declaration, (Doc. No. 4-1), and the recitals herein contained
19 | until further Order of this Court.

20 |     7.    The substitute custodian will not sell the Defendant Vessel or release it to
21 | anyone and/or let anyone aboard it, other than permitting access as necessary to comply
22 | with its custodial duties in this action, or in the event of an emergency, or as otherwise
23 | directed by the Court.

24 | //
25 | //
26 | //
27 | //
28 | //

8. The Court orders Plaintiff's attorney to serve by mail a copy of this Order to the person(s) believed to be the owner(s) of the Defendant Vessel.

**IT IS SO ORDERED**.

Dated: November 25, 2024

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge